IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Serena Ruiz, | ) | Case No.: 4:26-cv-00388-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Brian Gottlieb, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 14.) The Report recommends that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) because Plaintiff Serena Ruiz, proceeding *pro se*, failed to keep the Court apprised of her current address, leaving the Court without a means to communicate with her regarding this action. (DE 1.)

A.    **Background**

Plaintiff Serena Ruiz ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action against Defendant Brian Gottlieb. (DE 1.) In her Complaint, Plaintiff alleges that Defendant failed to timely adjudicate unspecified issues and left

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

matters unresolved. Plaintiff requests mandamus relief requiring Defendant to "resolve the backlog as soon as possible." (DE 1.)

On February 5, 2026, the Magistrate Judge entered a Proper Form Order advising Plaintiff that her Complaint was not in proper form for service. (DE 8.) The order directed Plaintiff to complete and return a standard complaint form, Local Rule 26.01 Standard Interrogatories, and service documents for Defendant. The order also warned Plaintiff that failure to provide the necessary information within the time permitted could subject the case to dismissal. (DE 8.) That same day, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*, subject to the Proper Form Order. (DE 9.)

The Clerk mailed the Proper Form Order, the order granting leave to proceed *in forma pauperis*, the Complaint, a standard complaint form, Local Rule 26.01 interrogatories, a summons, and a USM-285 form to Plaintiff at the address she provided: 22 Rampart Blvd, Las Vegas, Nevada 89147. (DE 10.) On February 26, 2026, that mailing was returned as undeliverable. (DE 12.) Plaintiff has not provided an updated address or otherwise contacted the Court.

B.    **Report and Recommendation**

On March 4, 2026, the Magistrate Judge issued the Report presently before the Court. (DE 14.) The Report explains that Plaintiff failed to keep the Court apprised of her current address and, as a result, neither the Court nor Defendant has any means of contacting her concerning this case. The Magistrate Judge, therefore, recommends dismissal without prejudice under Federal Rule of Civil Procedure 41(b).

2

The Report directed the Clerk to mail a copy of the Report to Plaintiff at her last known address and provided Plaintiff an opportunity, within the objection period, to notify the Court that she wished to continue prosecuting the case and to provide a current address. The Report further provided that, if Plaintiff did so, the Clerk should vacate the Report and return the case to the Magistrate Judge for further handling. The docket reflects that the Report was mailed to Plaintiff at her last known address but was again returned as undeliverable, this time marked "No Such Street." (DE 17.) Plaintiff has not provided a current address.

## C.    Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record

before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Absence of Objections**

No objections have been filed. In the absence of objections, the Court need not conduct de novo review and must only satisfy itself that there is no clear error on the face of the record. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). After reviewing the Report, the record, and the applicable law, the Court finds no clear error.

**E.    Conclusion**

Accordingly, after careful review of the Report and the record in this matter, and finding no clear error, the Court adopts the Report (DE 14) and incorporates it herein by reference.

It is, therefore, ORDERED that this action is DISMISSED without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to keep the Court apprised of a current mailing address.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 12, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4